In the Matter of JOSEPH ANTHONY FONTINELLI (Also Known as JOSEPH A. FONTANELLI), an Attorney, Respondent.

First Department, November 15, 1935.

*Samuel C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

No appearance for the respondent.

MARTIN, P. J.   The respondent was admitted to the bar in the State of New York at a term of the Appellate Division of the Supreme Court, First Department, on November 13, 1922.   Having been charged with professional misconduct, the matter was referred to an official referee, who has reported that respondent was guilty of the following acts:

(1) On February 19, 1932, he obtained from savings banks in which were deposited the funds of the estate of Filomena Barbarito, deceased, to procure administration of which respondent had been retained, the sum of five thousand thirty-two dollars and ninety-three cents, without the knowledge or consent of the insurance company which had furnished the administrator's bond, although he knew that it had been agreed that said insurance company was to have joint control of two of the bank accounts from which the major portion of the moneys withdrawn were taken.   The respondent converted the moneys so obtained to his own use and thereafter falsely represented that the surrogate had made an order permitting the payment of twenty-five dollars a week to the two adult beneficiaries, Nicholas Barbarito and Daniel Barbarito.   He thereafter paid Nicholas Barbarito and Daniel Barbarito sums aggregating approximately fourteen hundred dollars, but converted the balance to his own use.   After he had been advised that the matter was under investigation by the petitioner's committee on grievances, respondent requested Nicholas Barbarito and Daniel Barbarito not to attend before the said committee as witnesses, and gave them a series of promissory notes aggregating three

thousand four hundred eighty-two dollars, and paid on account thereof the sum of four hundred eighty-two dollars. He also requested one Marotta to testify falsely before the committee on grievances and gave him a note for two hundred dollars. Respondent further prepared and caused to be exhibited to the Standard Accident Insurance Company a false undertaker's bill reciting the payment of funeral expenses in the sum of one thousand one hundred eighty-five dollars, whereas the entire cost of the funeral was known to him to be five hundred eighty-five dollars and twenty-five cents. The respondent converted to his own use a sum in excess of three thousand dollars.

(2) The respondent obtained from one Giovanni Silvestri between May 6 and July 26, 1932, sums aggregating fifteen hundred dollars for the express purpose of using the same in acquiring title to premises located at Shohola Falls for Silvestri and converted the entire amount to his own use.

It is unnecessary to analyze the voluminous testimony contained in this record. Suffice it to say that the findings of the referee are conclusively sustained thereby. There is not one redeeming feature or mitigating circumstance present.

The respondent should be disbarred.

MERRELL, O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Respondent disbarred.